UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LYN SIELAFF, ) | CASE NO.: 1:10CV1571 |
| ) | |
| Plaintiff, ) | JUDGE JOHN ADAMS |
| ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | **ORDER AND DECISION** |
| SECURITY, ) | |
| Defendant. ) | |

This matter comes before the Court on objections filed by Plaintiff Lynn Sielaff to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Sielaff's Appeal of the Social Security Administration's decision to deny her request for disability insurance benefits. On November 7, 2011, Magistrate Judge Armstrong issued her R&R recommending that the Commissioner's decision affirmed.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

**I.   Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r*

*of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

**II.     Sielaff's Objections**

A. Closed Period of Disability

Sielaff first contends that the Magistrate Judge erred in finding that the ALJ properly considered an argument for a closed period of disability. The Court finds no error in the R&R.

Sielaff appears to contend that the Magistrate Judge engaged in post hoc reasoning to perform an analysis that the ALJ failed to perform. This assertion is belied by the decision of the ALJ.

Sielaff contends that no specific finding was made with regard to whether she was entitled to a closed period of disability from March 12, 2006 through May 27, 2008. However, Sielaff ignores several findings within the ALJ's decision. The ALJ concluded that Sielaff "has not been under a disability within the meaning of the Social Security Act from March 12, 2006, through the date of this decision." Doc. 8-2 at 16. Furthermore, the ALJ specifically discussed the medical evidence that was available from the years encompassed in that closed period. Sielaff appears to be asserting that the ALJ was required to use "magic words" and specifically indicate that a closed period of disability had been considered and rejected. No law exists to support this assertion. Furthermore, as it is clear that the ALJ considered all of the medical evidence introduced that related to the closed period, his conclusion that Sielaff was not disabled clearly includes a finding that she was not entitled to a closed period of disability.

The Court would also note that while Sielaff contends that any error here could not be harmless, she offers no argument to suggest that the review performed in the R&R is erroneous.

While she contends that the review provides post hoc reasoning for the ALJ's decision, an assertion rejected above, she does not attack the substance of the R&R's review. As that review clearly demonstrates that Sielaff was not entitled to a closed period of disability, any alleged error in the ALJ's analysis would be harmless.

B.  Equal Listing – Step Three Finding

Sielaff also contends that the R&R was in error when it concluded that the ALJ properly found that Sielaff's impairment of hidradenitis suppurative did not meet or equal a listing. Specifically, Sielaff attacks whether the ALJ's analysis sufficient detailed the *equal* prong of this step. The Court finds no error in the R&R.

Sielaff contends that the ALJ's finding on this issue was too conclusory to allow for any effective review on appeal. The Court disagrees.

Sielaff is correct that numerous courts have previously found that a simple conclusion that a claimant "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" is insufficient. *See Davenport v. Commissioner*, 2012 WL 414821, at *11-12 (E.D.Mich. Jan. 19, 2012) (compiling cases including *Reynolds v. Commissioner*, 2011 WL 1228165, at *3-4 (6th Cir. Apr. 1, 2011). However, the ALJ in this matter performed an analysis:

> She does not meet the criteria of listing section 8.06 Hidradenitis suppurative, which require extensive skin lesions. The claimant's cysts are not extensive because, although pursuant to 8.00C1 they are on multiple body sites, she does not have a very serious limitation as shown by her substantial gainful activity.
>
> Although the medical evidence establishes carpal tunnel syndrome and pronator teres syndrome, there are no listing criteria in Appendix 1 specific to the evaluation of these impairments. Further, neither of the impairments medically meets any listing criteria therein.

Doc. 8-2 at 19.

Sielaff appears to contend that this analysis is insufficient because the ALJ did not then continue on and formally explain why Sielaff's condition was not equal to a listed impairment. However, "the Sixth Circuit has required only minimal articulation at Step 3 of the sequential analysis[.]" *Simpkins v. Astrue*, 2012 WL 274027, at *9 (S.D.Ohio Jan. 31 2012) (citations omitted). "So long as the ALJ's decision as a whole articulates the basis for his or her conclusion, the decision may be affirmed." *Id.* (citing *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)). In that respect, the Court agrees with the argument set forth by the Commissioner. The ALJ specifically detailed each and every one of Sielaff's impairments, laid out her medical history extensively, and noted that he gave great weight to Dr. Gardner's conclusion. Dr. Gardner found that Sielaff did not meet or equal a listed impairment. As such, reading the decision as a whole, the ALJ's decision is supported by substantial evidence.

Additionally, the Court notes that equivalency requires particular evidence to be presented by a claimant.

> An impairment or combination of impairments will be deemed medically equivalent to a listed impairment if the symptoms, signs, and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments. This decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques. 20 C.F.R. § 404.1526(b).

*Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986). Sielaff appears to assert that photographs she submitted satisfy this provision and required a medical expert. Those photographs do not fall under the definition quoted above. As such, Sielaff presented no evidence in support of any equivalency argument – thereby explaining the minimal discussion of such by the ALJ. Her objection to Step Three lacks merit.

C. Step Four Finding

In her final objection, Sielaff contends that the R&R erred in its conclusion that the ALJ

performed a proper Step Four analysis.  The Court finds no merit in this objection.

Sielaff argues here that the ALJ was required to call upon a vocational expert because he could not have otherwise known how Sielaff's past relevant work could accommodate her limitations, including allowing her to sit and stand at her discretion and have little to no contact with the general public.  However, Sielaff ignores the fact that her prior employment was explained through forms that were before the ALJ.  Sielaff explained that her prior job required her to stand often (listing 8 hours), sit as well, (listing 4 hours), write, type or grasp small objects (listing 12 hours), climb (listing 1 hour), and grasp large objects (listing 1 hour).  In addition, Sielaff testified that she had returned to gainful employment, performing substantially the same work as an office manager and earning $68,000 per year.  Accordingly, the ALJ had substantial evidence before him to compare Sielaff's residual functioning capacity with her past relevant work and conclude that she could perform such work.  Given that Sielaff was in fact *currently* performing such work at the time of the hearing, it would have been nearly impossible for the ALJ to reach any other conclusion.  This final objection is overruled.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE.  The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: February 21, 2012            */s/ John R Adams*
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE